**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Blvd., Ste. 960
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC CHAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FORSTER & GARBUS, LLP,<br><br>Defendant | Case No.:<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

### INTRODUCTION

1.      Plaintiff CEDRIC CHAN ("Plaintiff") brings the instant class action claims against Defendant FORSTER & GARBUS, LLP ("Defendant") seeking redress for himself and the putative class under the Federal Fair Debt Collection Practices Act ("FDCPA"), which was enacted to "eliminate abusive debt collection practices by debt collectors." *15 U.S.C. 1692(e)*.  Defendant conducts

1
**CLASS ACTION COMPLAINT**

its debt collection business in flagrant violation of the FDCPA by systematically and uniformly overshadowing consumers' rights to dispute their debt, rights guaranteed by 15 U.S.C. § 1692g(b).

## JURISDICTION

2. This Court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, since the claims alleged against the Defendant arose under the FDCPA.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial portion of the acts giving rise to this action occurred in this District as Plaintiff resides here and Defendant conducts business here.

## PARTIES

4. Plaintiff is an adult individual residing in Hacienda Heights, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), in that the alleged debt that Defendant sought to collect from her was originally incurred, if at all, for personal, family or household purposes and are therefore consumer debts within the meaning of 15 U.S.C. § 1692a(5).

5. Defendant is a corporation with its principal place of business at located in New York. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect consumer debts alleged to be due to another using the mail and telephone. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

**A.    The Account**

6. At some point prior to September 2018, Plaintiff allegedly took out a retail consumer credit line for the Target branded retail store chain. Plaintiff used the card to make routine household and consumer purchases for his home. As such, Plaintiff incurred a "debt" arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are

2

**CLASS ACTION COMPLAINT**

primarily for personal, family, or household purpose, and, therefore meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.   The account subsequently went into arrears.

8.   Thereafter, Defendant obtained The Account from Target and sent Plaintiff a written collection correspondence in an attempt to collect on The Account.

**B.   The Unlawful Collection Letter**

9.   On or about September 28, 2018, Defendant sent Plaintiff an initial collection letter.  A redacted copy of the Letter is annexed hereto and made a part of this Complaint as <u>Exhibit A</u>.  To the top right of said correspondence is the notation "MINIMUM AMOUNT due by October 24, 2018" and lists a specific amount.

10.   In pertinent part, a particular disclosure on the front page of the Letter set forth:

The Minimum Amount Due shown above is an amount that **if paid by the due date above will bring your account to a current status and stop collections** (unless your account goes past due in the future).  The account will then be returned to our client.[1]

**C.   The Letter Misleads Plaintiff and Similar Consumers and is Deceptive**

11.   Under the FDCPA, validation notice must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from the perspective of the least sophisticated consumer.

12.   In stating that Plaintiff must make a payment within twenty-six (26) days in order to bring the account current and cease collection activity, Defendant falsely and deceptively advises a consumer that he or she must make the choice between taking advantage of the reduced "minimum amount" due date to remove

---

[1] Emphasis added by Plaintiff

3
**CLASS ACTION COMPLAINT**

the account from collections, or exercising his or her §1692(g) rights to seek validation of the alleged debt if he or she believes the debt is not owed. This overshadows and contradicts the 30 day dispute notice as no such requirement is mandated upon consumers per §1692(g).

13. Defendant's attempt to blur this violation of law by advising a consumer that **AFTER** payment is made, he or she can still dispute the debt does not absolve Defendant from liability. Defendant's correspondence overshadows a consumer's right to dispute or seek validation by unlawfully demanding payment well before the thirty (30) days after receipt provided by the FDCPA.

14. In fact, Defendant seeks to unlawfully create an incentive for a consumer to bypass the right to dispute the debt by making the "minimum payment" due and removing the account from collections altogether. Defendant's letter suggests to the least sophisticated consumer that disputing the debt within the thirty (30) day timeframe does not provide a consumer with the same benefit or incentive of simply making the "minimum amount due" payment.

15. Such language lead Plaintiff as well would lead the least sophisticated consumer to believe that the most prudent choice is to make the "minimum amount due" payment, before the thirty (30) day period, whether or not said consumer disputed the debt or wished to receive validation. After all, to forego the "minimum amount due" payment deadline and instead dispute the debt would guarantee that Plaintiff's account would remain in collections, when Plaintiff could simply make a reduced payment and ensure that Defendant was to cease its collection efforts – which is all any consumer really wishes when interfacing with a collection agency.

16. Further, what Defendant fails to advise Plaintiff and other consumers in this correspondence is that once a "minimum amount due" payment is made and Defendant returns the account to the creditor client, Defendant does not have an obligation to respond to a consumer's dispute and/or request for validation as

4
**CLASS ACTION COMPLAINT**

Defendant is no longer collecting on the alleged debt – thus, the prohibitive bar on collecting the debt when failing to respond to a consumer's request for validation is of no consequence to Defendant as Defendant will no longer be collecting the debt.  This is a fact that Defendant is unquestionably aware of when drafting and sending out these form correspondences.

17.    The Letter is an example of form letters, substantially similar to hundreds if not thousands of letters sent to consumers across the country.

## CLASS ACTION ALLEGATIONS

### The Class

18.    Plaintiff brings this case as a class action pursuant to Rules 23 of the Federal Rules of Civil Procedure on behalf of himself and all others similarly situated.

19.    Plaintiffs seek to represent a class defined as:

> All consumers in the State of California who were sent a letter that is identical to or is substantially the same form as the Letter by or on behalf of Defendant, which seeks to collect an alleged consumer debt, within one year prior to the filing of this action and which was not returned as undeliverable.

## D.    Numerosity

20.    The Letters are mass-mailed form letters that Defendant sends out to hundreds if not thousands of consumers in California and nationwide. Therefore, the members of the class are believed to be so numerous that joinder of all members is impractical.

21.    Upon information and belief, Defendant sent or caused to be sent hundreds or even thousands of similar deceptive Letters to consumers.

22.    The exact numbers and identities of class members are unknown at this time and can only be ascertained through discovery. Identification of the

5

**CLASS ACTION COMPLAINT**

class members is a matter capable of ministerial determination from Defendant's records.

23. Plaintiff reasonably believes that there are hundreds to thousands of consumers who are members of the class.

**E. Common Questions of Law and Fact**

24. There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

25. The questions of law and fact common to the Class concern whether Defendant's practice of transmitting communications to consumers in the form of the Letter constitutes conduct which violates the FDCPA.

26. The following questions of law and fact common to the Class members are ripe for determination and are raised herein:

> a. Did Defendant violate 15 U.S.C. §1692g(b) by engaging in conduct that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor (i.e., validation of debt)?

**F. Typicality**

27. Plaintiff's claims are typical of the claims of the class members' since each of the claims arises from receipt of a letter substantially similar to the Letter sent to him by Defendant.

**G. Protecting the Interests of the Class Members**

28. Plaintiff will fairly and adequately represent the class members' interests, all of whom are victims of Defendant's unlawful and wrongful conduct.

29. All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

6
**CLASS ACTION COMPLAINT**

30.     Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the class.

**H.     Proceeding Via Class Action is Superior and Advisable**

31.     A class action is superior to other available methods for the fair  and  efficient adjudication of the controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA.

32.     Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

33.     The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

34.     The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

35.     Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors.  Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

36.     The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

**I.     Plaintiff and the Putative Class Have Article III Standing**

37.     As a result of Defendant's alleged violations of law by sending these form letters to Plaintiff and other similarly situated California consumers

**CLASS ACTION COMPLAINT**

without the requisite disclosures as mandated by the FDCPA, Defendant caused Plaintiff and the putative class members harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

a. Invading Plaintiff's and the putative class' right to specific information mandated by the FDCPA to be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment within the same time frame;

b. Engaging in the unfair business practice of intentionally, falsely and deceptively depriving or interfering with Plaintiff's and the putative class' right to specific information mandated by the FDCPA to be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment within the same time frame;

c. Impermissibly causing Plaintiff and the putative class confusion and/or lack of knowledge and information such as to be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment within the same time frame;

d. Causing Plaintiff and the putative class to expend needless time in receiving, researching and attempting to clarify and/or clearly explain information be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation regardless of Defendant's demand for payment within the same time frame.

**CLASS ACTION COMPLAINT**

# COUNT I

## VIOLATIONS OF FDCPA SECTION 15 U.S.C. § 1692G(B)

38.     Each and every allegation contained in paragraphs 1 through 34 of this Complaint is repeated, realleged and incorporated herein by reference.

39.     FDCPA, 15 U.S.C. § 1692g, provides in relevant part:

(a)  Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(b)  Disputed Debts

If the consumer notifies the debt collector in writing within the thirty day period described in subsection (a) of this section, that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification and judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.  Collection activities and communications that do not otherwise violate this subchapter may continue through the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector that the debt, or any portion of the debt, is disputed, or that the consumer requests the name and address of the original creditor.  Any collection activities and  communication  during  the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's

9

**CLASS ACTION COMPLAINT**

right to dispute the debt   or request the name and address of the original creditor.

40.     The Letter overshadows the disclosure of the consumer's rights to dispute the date and therefore violates 15 U.S.C. § 1692g(b).

41.     By virtue of the foregoing, Plaintiff and the putative class are entitled to recover damages as prayed for herein.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

a.  That this action be certified as a class action on behalf of The Class, Plaintiff be appointed as the representative of The Class, and that Plaintiff's Counsel be appointed as Class Counsel;

b.  For statutory damages up to $1,000.00 per named class member, and $500,00.00 or 1% of Defendant's net worth for the consumer class members, whichever is the lesser, pursuant to *15 U.S.C. § 1692k*;

c.  For reasonable attorneys' fees and costs of suit;

d.  For such further relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Date: October 8, 2018                         **MARTIN & BONTRAGER, APC**

By:*/s/ Nicholas J. Bontrager*
                                              Nicholas J. Bontrager
                                              Attorneys for Plaintiff

10
**CLASS ACTION COMPLAINT**

**EXHIBIT A**

11
**CLASS ACTION COMPLAINT**

Commack, NY 11725-0091

**PERSONAL & CONFIDENTIAL**



September 28, 2018

RONALD FORSTER - Adm. in NY Only
MARK A. GARBUS - Adm. in NY Only
EDWARD J. DAMSKY - Adm. in NY Only
JOEL D. LEIDERMAN - Adm. in NY Only

ANNETTE P. ALTMAN - Adm. in NY Only
MICHAEL C. DIGIARO - Admin in NY & NJ
MICHAEL J. FLORIO - Adm in NY Only
AMY GAVLIK - Adm in NY Only
TESS E. GUNTHER - Adm in NY & CT
KEVIN M. KNAB - Adm in NY Only
VALERIE E. WATTS - Adm in NY Only

| | |
|---|---|
| ᴵᴵᵘᴵᴵᴵᴵᴵᴵᴵᴵᵘᵘᴵᴵᴵᴵᵘᴵᴵᴵᵘᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵᴵ | MINIMUM AMOUNT due by October 24, 2018 ▸ <br> FULL BALANCE ▸ <br> Reference Number ▸ |

CEDRIC CHAN

HACIENDA HEIGHTS CA

Re ▸ **TD BANK USA,N.A. - CREDITOR/TARGET CREDIT CARD**

1-631-393-9400
1-800-823-0590 Ext. 649
**Representative Name: ANY REP**
Monday thru Thursday 8:00AM – 9:00PM EST
Friday 8:00AM – 5:00PM EST

Dear Cedric Chan,

The above referenced account has been referred to this firm for collection. The Full Balance shown above is the full amount owed as of the date of this letter.

The Minimum Amount Due shown above is an amount that if paid by the due date above will bring your account to a current status and stop collections unless your account goes past due in the future). The account will then be returned to our client.

Depending upon your account agreement with the creditor, interest, late charges and other charges may continue to accrue on your account.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment if one exists and mail you a copy of such verification or judgment. If you request from this office in writing within 30 days from receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Your right to dispute the validity of this debt or any portion thereof, or to seek verification of the debt as stated in the above paragraph, is not affected by the minimum payment due date. If you make the minimum payment due by the due date, you may still exercise your right to dispute or request verification of indebtedness.

To discuss payment arrangements, please contact us at 800-823-0590.

At this time we are only acting as a debt collector. Attorneys may act as debt collectors. Our firm will not commence a suit against you. However, if we are not able to resolve this account with you, our client may consider additional remedies to recover the balance due.

Please include your full Target Credit Card account number ending in 7900 on your check or money order and mail to:

Target Card Services, P.O. Box 660170 Dallas , TX 75266-0170
OR
Walk in to any Target store and pay in person or pay with a Check by Phone to this office today.

Please note that we are required, under federal law to advise you that we are debt collectors and any information we obtain will be used in attempting to collect this debt.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

▴ DETACH HERE ▴

MAKE CHECK PAYABLE TO: **TARGET CARD SERVICES** AND RETURN COUPON WITH PAYMENT TO
Target Card Services, P.O. Box 660170 Dallas , TX 75266-0170 IN ENCLOSED ENVELOPE